UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
NOEL GALEAS CRUZ, *individually and on behalf of all others similarly situated,*

Plaintiff,

- against -

CSI CONSTRUCTION SERVICES INC. and AGOSTINHO NETO,

Defendants.
---------------------------------------------------------X

**REPORT AND RECOMMENDATION**

22 CV 0407 (LDH) (CLP)

**POLLAK**, United States Magistrate Judge:

On January 24, 2022, plaintiff Noel Galeas Cruz commenced this action against defendants CSI Construction Services Inc. ("CSI Construction") and Agostinho Neto ("Neto") (collectively, "defendants"), alleging violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), Articles 6 and 19 of the New York Labor Law ("NYLL"), and Title 12, Part 142 of the New York Codes, Rules and Regulations ("NYCRR"). (Compl.[1]). On June 13, 2023, plaintiff filed a First Amended Complaint, correcting certain errors, clarifying certain factual allegations, and adding class and collective claims. (Am. Compl.[2]; see also Order dated 6/12/2023). Defendants filed an Answer to the Amended Complaint on August 21, 2023.[3] (ECF No. 28).

[1] Citations to "Compl." refer to plaintiff's Complaint, filed on January 24, 2022 (ECF No. 1).
[2] Citations to "Am. Compl." refer to plaintiff's First Amended Complaint, filed on June 13, 2023 (ECF No. 23).
[3] Defendants' Answer to the Amended Complaint was not timely filed, leading plaintiff to argue that all of the allegations in the Amended Complaint were therefore deemed admitted (Pl.'s Mem. at 6), a position defendants described as "not only preposterous but antithetical to a determination on the merits of the [Amended Complaint]." (Defs.' Mem. at 9). By letter dated September 15, 2023, defendants notified the Court that the parties had stipulated to the withdrawal of plaintiff's Notice of Rejection of Untimely Answer to Plaintiff's First Amended Complaint and defendants' Notice of Cross-Motion for leave to file a late Answer, and agreed to defendants' filing of a late Answer, *nunc pro tunc*. (ECF No. 35). This Court So Ordered the stipulation on September 18, 2023.

Currently pending before this Court is plaintiff's motion to certify a collective action pursuant to the FLSA. (Pl.'s Mem.[4]). Defendants timely opposed plaintiffs' motion. (Defs.' Mem.[5]). For the reasons set forth below, the Court respectfully recommends that plaintiff's motion be denied without prejudice to renew.

BACKGROUND

Plaintiff Cruz alleges that defendant CSI Construction is a foreign corporation, authorized to do business in the State of New York, with a principal place of business located in Newark, New Jersey. (Am. Compl. ¶¶ 7, 8). According to the Amended Complaint, CSI Construction operates a construction company in Queens, Brooklyn, Staten Island, Manhattan and the Bronx, and is owned, operated, and controlled by defendant Neto, a New Jersey resident. (Id. ¶¶ 6, 9, 12-14). Plaintiff Cruz alleges that he is a New York resident, employed by defendants as a laborer working at various construction sites from on or about June 3, 2019, until approximately October 24, 2021. (Id. ¶¶ 5, 10, 19, 20).

Plaintiff claims that defendant Neto was the Chief Executive Officer of CSI Construction, who participated in the daily operations of the company, exercising operational control over its business functions, including determining employee salaries, making hiring and firing decisions, and devising and implementing the wage and hour practices of the company relating to employees, including plaintiff. (Id. ¶¶ 12, 15-17, 36, 37, 38-46). Plaintiff alleges that he was paid by the hour, punching in at the beginning of his shifts and then being told to punch out in the afternoon, after which he would be required to work "off-the-clock." (Id. ¶¶ 21-23).

---

[4] Citations to "Pl.'s Mem." refer to plaintiff's Memorandum of Law in Support of Plaintiff's Motion to Proceed as a Collective Action and to Facilitate Notice Under 29 U.S.C. Section 216(b), dated July 31, 2023 (ECF No. 26-1).
[5] Citations to "Defs.' Mem." refer to Defendants' Memorandum of Law in Opposition to Plaintiff's Motion for Conditional Certification, dated September 8, 2023 (ECF No. 32).

Plaintiff further alleges that defendants routinely paid him only for a portion of the hours worked and that the time records only reflect a portion of the hours actually worked. (Id. ¶¶ 24-25).

Plaintiff claims that he worked Monday through Friday from 6:00 a.m. until 5:30 p.m. and Saturday from 8:00 a.m. until 3:00 p.m., for approximately 62 hours a week during his period of employment, and that he was not given uninterrupted meal breaks in excess of 20 minutes per day. (Id. ¶¶ 27-29). Plaintiff claims that there were times when defendants failed to pay him for all of his regular hours and all of his overtime hours and did not pay overtime at one and a half times his regular pay rate for all hours worked in excess of 40 hours per week. (Id. ¶¶ 31-33). Plaintiff also alleges that he was not provided with a proper wage notice at the commencement of his employment, nor was he provided with accurate paystubs, as required by NYLL § 195(1), (3). (Id. ¶¶ 34, 35).

Plaintiff further alleges that at all times relevant to the lawsuit, defendants employed at least 100 other manual laborers, who were subjected to the same illegal practices and policies as plaintiff. (Id. ¶¶ 49-53, 58, 59). Plaintiff alleges that defendants' failure to pay proper wages was done "without good faith, willfully, and with a reckless disregard" for the rights of the laborers. (Id. ¶ 60). Plaintiff asserts five causes of action: 1) failure to pay overtime wages, in violation of the FLSA and NYLL (Counts I and II); 2) failure to pay regular wages, in violation of the NYLL (Count III); and 3) failure to provide wage notices and wage statements, in violation of NYLL. (Counts IV and V). (Id. ¶¶ 80-116).

DISCUSSION

A. Standard for Certification

Under the FLSA, employers are required to compensate covered employees for all work performed, including overtime, in order to prevent "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers." 29 U.S.C. §§ 202(a), 206(a)(1), 207(a)(1); see also Reich v. New York City Transit Auth., 45 F.3d 646, 648-49 (2d Cir. 1995) (citations omitted). Pursuant to Section 216(b) of the FLSA, an employee may bring an action to "'recover unpaid overtime compensation and liquidated damages from employers who violate the Act's overtime provisions.'" Gjurovich v. Emmanuel's Marketplace, Inc., 282 F. Supp. 2d 101, 103 (S.D.N.Y. 2003) (quoting Hoffman v. Sbarro, Inc., 982 F. Supp. 249, 260 (S.D.N.Y. 1997)).

Under the statute, an employee may bring a collective action "for and in behalf of himself . . . and other employees similarly situated." 29 U.S.C. § 216(b). However, unlike a class action brought pursuant to Rule 23 of the Federal Rules of Civil Procedure, a collective action brought under the FLSA may be brought only on behalf of those employees who affirmatively "opt in" by giving consent in writing to become a party to the action. Id.; Gjurovich v. Emmanuel's Marketplace, Inc., 282 F. Supp. 2d at 103-04; see also Myers v. Hertz Corp., 624 F.3d 537, 542 (2d Cir. 2010) (noting that "[u]nlike in traditional 'class actions' . . . plaintiffs in FLSA representative actions must affirmatively 'opt in' to be part of the class and to be bound by the judgment"), cert. denied, 132 S. Ct. 368 (2011).

The Second Circuit uses a two-step analysis to determine whether certification of a collective action under the FLSA is appropriate. Jibowu v. Target Corp., 492 F. Supp. 3d 87, 118 (E.D.N.Y. 2020) (citing Scott v. Chipotle Mexican Grill, Inc., 954 F.3d 502, 515 (2d Cir.

2020), cert. denied, 142 S. Ct. 639 (2021)). The first step, also known as conditional certification, requires the court to determine whether to send notice to individuals who are "similarly situated" to the named plaintiff "with respect to whether a FLSA violation has occurred," such that those individuals may opt-in to the collective action. Ahmed v. T.J. Maxx Corp., 103 F. Supp. 3d 343, 346 (E.D.N.Y. 2015) (quoting Myers v. Hertz Corp., 624 F.3d at 555).

At the conditional certification stage, the court does not resolve factual disputes or make determinations about credibility or the merits of the case. Ahmed v. T.J. Maxx Corp., 103 F. Supp. 3d at 347 (collecting cases). However, courts may decline to certify a collective action "based on manifestly deficient pleadings, *i.e.*, ones insufficient to make out a violation of the FLSA." Trinidad v. Pret A Manger (USA) Ltd., 962 F. Supp. 2d 545, 556 (S.D.N.Y. 2013). "Once the Plaintiff makes a colorable claim for relief, the only inquiry necessary is whether the potential plaintiffs to be notified are similarly situated to the named plaintiff." Gjurovich v. Emmanuel's Marketplace, Inc., 282 F. Supp. at 105.

As the Second Circuit has explained, "to be 'similarly situated' means that named plaintiffs and opt-in plaintiffs . . . share a similar issue of law or fact material to the disposition of their FLSA claims." Scott v. Chipotle Mexican Grill, Inc., 954 F.3d at 516; see also Valeri v. RNC Industries, LLC, 314 F.R.D. 61, 66 (E.D.N.Y. 2016) (stating that at the initial certification stage, courts require the existence of a "'factual nexus' . . . between the plaintiff's situation and the situation of other potential plaintiffs") (citations omitted).

The "similarly situated" inquiry "is quite distinct from the . . . much higher threshold of demonstrating that common questions of law and fact will predominate for Rule 23 purposes." Myers v. Hertz Corp., 624 F.3d at 556 (internal quotation marks omitted). Thus, at this stage, the

plaintiff need only "make a modest factual showing that they and others together were victims of a common policy or plan that violated the law." Scott v. Chipotle Mexican Grill, Inc., 954 F.3d at 515 (quoting Glatt v. Fox Searchlight Pictures, Inc., 811 F.3d 528, 540 (2d Cir. 2015)). If a plaintiff meets this "fairly lenient standard," the court will typically grant "conditional certification" and authorize notice to other potential plaintiffs. Iglesias-Mendoza v. La Belle Farm, Inc., 239 F.R.D. 363, 367 (S.D.N.Y. 2007); see also Alvarez v. IBM Rests. Inc., 839 F. Supp. 2d 580, 584 (E.D.N.Y. 2012).

The second step of the court's analysis takes place after notice has been provided and the parties have engaged in discovery, when the court looks at the record again and "makes a factual finding regarding the similarly situated requirement; if the claimants are similarly situated, the collective action proceeds to trial, but if they are not, the class is decertified." Puglisi v. TD Bank, N.A., 998 F. Supp. 2d 95, 100 (E.D.N.Y. 2014) (quoting Kalloo v. Unlimited Mech. Co. of N.Y., Inc., 908 F. Supp. 2d 344, 346 (E.D.N.Y. 2012) (internal brackets and quotation marks omitted)); see also Myers v. Hertz Corp., 624 F.2d at 555 (stating that at the second stage of certification, the class of employees "may be 'de-certified' if the record reveals that they are not [similarly situated]"); Scott v. Chipotle Mexican Grill, Inc., 954 F.3d at 515 (stating that "[a]t step two, with the benefit of additional factual development, the district court determines whether the collective action may go forward by determining whether the opt-in plaintiffs are in fact similarly situated to the named plaintiffs") (quoting Glatt v. Fox Searchlight Pictures, Inc., 811 F.3d at 540).

Plaintiff is currently seeking conditional certification and notice under step one. (Pl.'s Mem. at 2).

1. Plaintiff's Showing

Plaintiff moves for conditional certification of this case as a collective action consisting of all manual laborers employed by defendants at New York State construction sites any time between November 29, 2019 and the date of the motion for certification, July 31, 2023, arguing that he "easily meets his minimal, lenient evidentiary burden at this initial stage of the conditional certification process." (Pl.'s Mem. at 2, 6). Plaintiff alleges that these workers "were the victims of defendants' common practice and plan to deprive them of overtime compensation for all hours worked in excess of forty (40) per week." (Id. at 14). Courts do not require proof of an actual FLSA violation, "but rather that a 'factual nexus' exists between the plaintiff's situation and the situation of other potential plaintiffs." Moore v. Eagle Sanitation, Inc., 276 F.R.D. 54, 58 (E.D.N.Y. 2011) (quoting Sobczak v. AWL Industries, Inc., 540 F. Supp. 2d 354, 362 (E.D.N.Y. 2007)). This determination is typically "based on the pleadings, affidavits and declarations" submitted by the plaintiff(s). Id. (citing cases); Hallissey v. America Online, Inc., No. 99 CV 3785, 2008 WL 465112, at *1 (S.D.N.Y. Feb. 19, 2008) (holding that "[p]laintiffs may satisfy this requirement by relying on their own pleadings, affidavits, declarations, or the affidavits and declarations of other potential class members"). However, "the required 'modest factual showing' necessary for conditional certification 'cannot be satisfied simply by unsupported assertions.'" Cowell v. Utopia Home Care, Inc., No. 14 CV 736, 2016 WL 4186976, at *5 (E.D.N.Y. Aug. 8, 2016) (quoting Myers v. Hertz Corp., 624 F.3d at 555).

In support of his motion for conditional certification, plaintiff has submitted a Declaration, dated July 31, 2023, attesting not only to the alleged pay policies and wage violations that he suffered, but also naming five other similarly situated employees who plaintiff

alleges were subjected to the same treatment: Edwin Bonilla, Arturo Conejo, Pietro (last name unknown ("LNU")), Marco LNU and the foreman, Ovidio LNU. (See Cruz Decl.[6] ¶ 18). Plaintiff alleges that he observed these former co-workers punch out of their shifts in the afternoon and then go back to work "off-the-clock" for several hours, like he was required to do. (Id. ¶ 19). He also claims to have had "many conversations" with these co-workers in which he was told that they were required to work "off-the-clock" without being paid for the time, and that "it was known throughout the company" that the workers were not paid for all of their hours worked because they were either required to work before clocking in or work "off-the-clock" before the end of their shift. (Id. ¶¶ 20, 21). Plaintiff also alleges in his Declaration that "[t]o my knowledge and belief," defendants underreported his co-workers' hours and underpaid them based on those reduced hours; failed to pay his co-workers overtime compensation when they worked more than 40 hours per week; and did not provide them with a notice of pay rate or compete and accurate earnings statements. (Id. ¶¶ 22-26).

Plaintiff contends that his complaint and sworn declaration are sufficient to warrant conditional certification. (Pl.'s Mem. at 9). Indeed, courts have held that a determination as to conditional certification may be made "based on the pleadings, affidavits and declarations" submitted by plaintiff. Sharma v. Burberry Ltd., 52 F. Supp. 3d 443, 452 (E.D.N.Y. 2014); see also Sanchez v. Gansevoort Mgt. Grp, Inc., No. 12 CV 0075, 2013 WL 208909, at *1 (S.D.N.Y. Jan. 10, 2013); Valdez v. MichPat & Fam., LLC, No. 20 CV 2570, 2022 WL 950450, at *7 (E.D.N.Y. March 30, 2022), appeal withdrawn, 22 CV 0789, 2022 WL 2677030 (2d Cir. Apr. 29, 2022). Plaintiff argues that "nothing more than substantial allegations that the putative class

[6] Citations to "Cruz Decl." refers to the Declaration of Noel Galeas Cruz, dated July 31, 2023, attached as Exhibit 2 to Pl.'s Mem (ECF No. 26-4).

members were together the victims of a single decision, policy, or plan is required and is established based on the pleadings, affidavits, and declarations." (Pl.'s Mem. at 10 (citing Fa Ting Wang v. Empire State Auto Corp., No. 14 CV 1491, 2015 WL 4603117, at *5-6 (E.D.N.Y. July 29, 2015)). Plaintiff further argues that he is not required to establish that the potential members of the collective performed identical work (Pl.'s Mem. at 11 (citing Schwed v. General Electric Co., 159 F.R.D. 373, 375 (N.D.N.Y. 1995))), and that it is well established that the court does not resolve factual issues or determine the merits of plaintiff's claims at this stage, before the completion of discovery. (Id. (citing Garcia v. Four Broth. Pizza, Inc., No. 13 CV 1505, 2014 WL 2211958, at *5 (S.D.N.Y. May 23, 2014))). The plaintiff's burden at this stage is "minimal" because the Court may decertify the collective at a later date to deal with individualized circumstances or defenses. See Gjurovich v. Emmanuel's Marketplace, Inc., 282 F. Supp. 2d at 104, 105 n.1 (S.D.N.Y. 2003); see also Gortat v. Capala Bros., Inc., No. 07 CV 3629, 2010 WL 1423018, at *9 (E.D.N.Y. Apr. 9, 2010), aff'd, 568 Fed. Appx. 78 (2d Cir. 2014).

2. Defendants' Objections to Collective Certification

Defendants argue that plaintiff has failed to satisfy his burden of showing a basis for conditional certification, because he cannot demonstrate that he and other potential opt-in plaintiffs are similarly situated. (Defs.' Mem. at 4). Defendants contend that plaintiff's Declaration in support of certification is deficient in that it fails to delineate where and when his purported discussions about "pay practices" with the five other co-workers took place or provide any detail as to where and when he "observed" these co-workers being required to clock out and then work beyond their shift. (Id. at 4-5). Defendants also note that plaintiff fails to provide

"any details of his co-workers' wages, hours, duties or any other detail indicative of an illegal common policy." (Id. at 5).

Defendants also contend that plaintiff has failed to demonstrate that he and other employees were subject to a common policy that violated the FLSA. First, defendants argue that plaintiff's "vague and conclusory allegations" of overtime violations in the Amended Complaint, are "insufficient to warrant conditional certification." (Defs.' Mem. at 7 (citing Lundy v. Catholic Health Sys. of Long Island, Inc., 711 F.3d 106, 114 (2d Cir. 2013))); see also Ladino v. The Ridgewood Ale House Inc., 598 F. Supp. 3d 53 (E.D.N.Y. 2022); Musiello v. CBS Corp., 518 F. Supp. 3d 782, 794 (S.D.N.Y. 2021) (citation omitted) (noting: "as the Second Circuit has repeatedly emphasized, a generalized claim of a failure to pay overtime, unaccompanied by any allegation as to what specific workweek the plaintiff worked overtime, or by how many hours for any specific workweek is insufficient").

Defendants contend that even though plaintiff's Amended Complaint claims that he "worked about sixty (62) [sic] hours a week,"[7] this is contradicted by his allegations that he worked Monday through Friday from 6:00 a.m. until about 5:30 p.m. and Saturdays from 8:00 a.m. until about 3:00 p.m, and that he did not receive "'uninterrupted meal breaks greater than twenty (20) minutes during his shifts.'" (Defs.' Mem. at 8 (quoting Am. Compl. ¶¶ 27-29)). Defendants argue that the discrepancy between plaintiff's alleged schedule which amounts to sixty-four and a half (64.5) hours and his general allegation that he worked sixty-two (62) hours a week "manifest[s] not only the insufficiency of Plaintiff's claim but that his allegations are no

---

[7] Defendants' Memorandum misquotes the Amended Complaint in that it states plaintiff "'worked about *sixty* (62) hours a week'" (Defs.' Mem. at 8 (emphasis added)), when in fact the Amended Complaint alleges that plaintiff "worked about *sixty-two* (62) hours a week." (Am. Compl. ¶ 29 (emphasis added)). Defendants correctly note in a footnote that plaintiff's original Complaint alleged that he worked "'60 hours each week.'" (Defs.' Mem. at 8, n.2 (quoting Compl. ¶ 29)).

different than an 'all-purpose pleading template alleging overtime in some or all workweeks,'" which the court in Ladino found insufficient to satisfy the requirements of Lundy. (Id. (quoting Ladino v. Ridgewood Ale House Inc., 598 F. Supp. 3d at 61 (holding that the "requirement that plaintiffs must allege overtime without compensation in a 'given' workweek was not an invitation to provide an all-purpose pleading template alleging overtime in 'some or all workweeks'" (quoting Dejesus v. HF Mgmt. Servs., LLC, 726 F.3d 85, 90 (2d Cir. 2013) (quoting Lundy v. Catholic Health Syst. of Long Island, Inc., 711 F.3d at 114))))).

Second, defendants state that there is insufficient factual support regarding plaintiff's coworkers. (Defs.' Mem. at 9). Defendants specifically note the vague nature of plaintiff's assertion that "I have been told them [sic] they were all subjected to the same practices as me."[8] (Id. (quoting Cruz Decl. ¶ 20)).

3. Analysis

a. Plaintiff's Claims

First, the Court must consider whether plaintiff has made a "colorable" claim for relief under the FLSA. Gjurovich v. Emmanuel's Marketplace, Inc., 282 F. Supp. at 105. Plaintiff's Amended Complaint sets forth only one claim under FLSA -- namely, that defendants violated the Act's overtime pay requirements. (Am. Compl. ¶¶ 80-92). Defendants argue that plaintiff's overtime claim is conclusory and insufficient. (Defs.' Mem. at 7-8).

In Lundy v. Catholic Health Systems of Long Island Inc., the Second Circuit articulated "the degree of specificity needed to state an overtime claim under FLSA," stating that a plaintiff must "sufficiently allege 40 hours of work in a given workweek as well as some uncompensated

[8] Defendants' Memorandum misquotes the declaration, which states, "I have been told by them that they were all subjected to the same pay practices as me." (Cruz Decl. ¶ 20).

time in excess of the 40 hours." 711 F.3d at 114. Thus, a plaintiff must allege that in at least one workweek he or she worked at least 40 hours, and also worked some uncompensated time in that week in excess of the 40 hours. See id. Generally alleging that the plaintiff was not paid for overtime hours worked has been found to be insufficient. See Ladino v. Ridgewood Ale House Inc., 598 F. Supp. 3d 53, 61 (E.D.N.Y. 2022); see also Nakahata v. N.Y.-Presbyterian Healthcare Sys. Inc., 723 F.3d 192, 201 (2d Cir. 2013).

Plaintiff sets forth his weekly schedule, alleging that he worked "about sixty-two (62) hours a week" with no uninterrupted meal breaks in excess of 20 minutes (Am. Compl. ¶¶ 27-29; Cruz Decl. ¶¶ 10-12), but he does not provide any details of the weeks when he was not paid overtime, alleging in a conclusory fashion that "[t]hroughout my employment, I was not paid overtime compensation. . .for all hours worked in excess of forty (40) per week." (Cruz Decl. ¶ 13). While this might suggest that during his employment, defendants failed to pay him overtime for 22 hours each week, the Amended Complaint alleges that "Defendant periodically paid Plaintiff for some, but not all, overtime during certain weeks." (Am. Compl. ¶ 26; see also Cruz Decl. ¶ 9). Plaintiff does not specify the weeks he was not paid overtime, nor does he even allege the number of weeks he was not paid overtime. He also alleges generally that "*on occasion*, [he] was told to start working in the morning and to clock in later," and that he was "*routinely* told to punch out" in the afternoon and return to work "off-the-clock." (Cruz Decl. ¶ 7; Am. Compl. ¶ 23) (emphasis added). Without any specifics as to when these "certain weeks" were or how much in overtime pay constitutes compensation for "some" overtime, there is no way to determine to what extent plaintiff was underpaid.

These allegations make it clear that the defendants' underpayment practices varied across time, and in amount. Therefore, plaintiff must specify the weeks in which he was not properly

compensated and the amounts by which he alleges he was underpaid. Additionally, nowhere in his Declaration or in his Amended Complaint does plaintiff indicate what his regular wages were or the amount of pay he received in any one week. All he states is that he was paid "an hourly rate of pay, but only for some of the hours I worked each week." (Cruz Decl. ¶ 6).

Plaintiff's allegations lack sufficient specificity since neither the allegations in the Amended Complaint nor Mr. Cruz's Declaration detail "any approximation of the number of unpaid overtime hours worked, [his] rate of pay, or any approximation of the amount of wages due." Dejesus v. HF Mgmt. Servs., LLC, 726 F.3d 85, 87 (2d Cir. 2013) (internal citations omitted); see also Ayala v. Looks Great Servs., Inc., No. 14 CV 6035, 2015 WL 4509133, at *8 (E.D.N.Y. July 23, 2015). Therefore, these claims do not serve "as a basis for collective action certification."[9] Trinidad v. Pret A Manger (USA) Ltd., 962 F. Supp. 2d at 556 n.5.

b. Similarly Situated

Even if plaintiff had set forth a colorable under the FLSA, he still has not satisfied the "similarly situated" inquiry because he has not sufficiently alleged that he and the proposed collective members were victims of the same legal violations under a common policy or plan of the defendants. Scott v. Chipotle Mexican Grill, Inc., 954 F.3d at 515. Although plaintiff correctly notes that courts routinely grant conditional certification based solely on the plaintiff's declaration (Pl.'s Reply[10] at 1 (citing cases)), where the declaration makes only conclusory allegations and fails to present specific evidence of a common policy of FLSA violations, it

---

[9] Since the defendants have not moved to dismiss plaintiff's FLSA overtime claim, the Court does not recommend dismissal at this time. See Trinidad v. Pret A Manger (USA) Ltd., 962 F. Supp. 2d at 556 n.5.

[10] Citations to "Pl.'s Reply" refer to plaintiff's Reply Memorandum of Law in Further Support of Plaintiff's Motion to Proceed as a Collective Action and to Facilitate Notice under 29 U.S.C. Section 216(b), dated Sept. 15, 2023 (ECF No. 34).

becomes "impossible for a court to test or for Defendants to attempt to refute." Huer Huang v. Shanghai City Corp, No. 19 CV 7702, 2020 WL 5849099, at *9 (S.D.N.Y. Oct. 1, 2020).

Here, plaintiff's declaration alleging that other employees were similarly situated lacks the necessary specificity in terms of details that would allow the Court to evaluate the claim of similarly situated. "[W]here a plaintiff bases an assertion of a common policy on observations of coworkers or conversations with them, he must provide a minimum level of detail regarding the contents of those conversations or observations." Reyes v. Nidaja, LLC, No. 14 CV 09812, 2015 WL 4622587 at *3 (S.D.N.Y. Aug. 3, 2015); see also Yang v. Zhou's Yummy Rest., Inc., No. 19 CV 5203, 2020 WL 2738403, at *3 (E.D.N.Y. Apr. 28, 2020) (noting that the plaintiff's single affidavit was filled with conclusory allegations that he chatted with a number of employees about their monthly salaries but he did not know the first names of six of the nine and provided no information as to when or where these conversations took place). Specifically, Courts have denied certification where the plaintiff fails to "describe where or when these discussions took place, what the other employees were paid, what specific hours they worked or any other underlying details and offer[ed] only the conclusory assertion that the other employees were not paid overtime." Reyes Cruz v. 70-30 Austin St. Bakery Inc., No. 18 CV 7408, 2019 WL 1929910, at *6 (S.D.N.Y. May 1, 2019). Details as to a plaintiff's observations and his conversations with co-workers "are particularly important where a conditional certification motion is based on the lone affidavit of a single employee, who performed a single job function." Mata v. Foodbridge LLC, No. 14 CV 8754, 2015 WL 3457293, at *4; see also Ikikhueme v. CulinArt, Inc., No. 13 CV 293, 2013 WL 2395020, at *2-3 (S.D.N.Y. June 3, 2013) (denying conditional certification when plaintiff offered only a single declaration from himself and otherwise relied on "unsupported assertions").

Citing the decision in Barron v. Casa Luis Corp., No. 20 CV 2713, 2022 WL 2467595, at *3 (E.D.N.Y. Jan. 21, 2022), plaintiff contends that he has satisfied the required minimum level of detail necessary to support conditional certification through his declaration. (Pl.'s Reply at 1-6). Specifically, plaintiff notes that his declaration includes details of his work schedule, dates of employment, and the manner in which his wages were calculated, and he provided the names of five former co-workers with whom he worked at defendants' construction sites. (Pl.'s Reply at 3-4 (citing Cruz Decl. ¶¶ 4, 7-10, 18)). He also attests to the fact that he observed these former co-workers punch out of their shifts and then go back to work for "off-the-clock" time. (Cruz Decl. ¶ 19). He claims he had "many conversations" with these former co-workers, who told him that they "were all subjected to the same pay practices as [him]." (Id. ¶ 20).

Plaintiff argues that, as in Barron, he has provided not only the names of five co-workers with whom he had conversations, he has also provided the fact that these employees indicated that they were "all subjected to the same pay practices" as plaintiff. (Id. ¶ 20). The court in Barron found that this statement, "combined with the names of the co-workers who told them they were subjected to the same practices, comprises the required 'minimum level of detail' to support conditional certification." Barron v. Casa Luis Corp., 2022 WL 2467595 at *4; (see Pl.'s Reply at 2). Plaintiff argues that "his personal observations and conversations [that] directly led to his conclusion that he and his construction co-workers were all subject to Defendants' unlawful policy" render his allegations non-conclusory. (Pl.'s Reply at 4).

The circumstances in Barron are distinguishable from the instant case in a number of respects. First, there were two plaintiffs in Barron who provided affidavits in support of certification. 2022 WL 2467595 at *1. Both set forth their dates of employment, their hours worked, and their rate of pay, which was a set amount per shift, demonstrating that they were

paid below the minimum wage and not paid time and a half for overtime. Id. Their affidavits alleged that they had had conversations with certain named co-workers who spoke to them about payment and overtime practices, leading plaintiffs to conclude that they were "all subjected to the same pay practices." Id.[11]

The two other cases plaintiff cites in his Reply are also distinguishable. In Walston v. Edward J. Young, Inc., there were two declarations provided. No. 15 CV 0457, 2016 WL 3906522, at *5 (E.D.N.Y. Feb. 22, 2016). Even the one declaration that the court stated would be sufficient on its own "refers to [plaintiff's] pay policy, his knowledge that other technicians similarly received no overtime compensation, and a 2013 change in Defendants' pay policy for technicians." Id. Similarly, in Cinar v. R&G Brenner Income Tax LLC, the plaintiff provided details about where and when she had conversations with other coworkers regarding the pay policy—namely, at a "company-wide annual training." No. 20 CV 01362, 2021 WL 7366924, at *6 (E.D.N.Y. Sept. 29, 2021).

In the instant case, Mr. Cruz's declaration provides no detail as to when or where he had discussions with the other co-workers he identifies. He also provides no detail as to what exactly the employees discussed with him, only that they discussed "[d]efendants' pay practices." (Cruz Decl. ¶ 20). It is not clear whether this included defendants' overtime practices. Plaintiff must

[11] The Court notes that the cases relied on in Barron are also factually distinguishable from the case at hand in that in each of those cases, the plaintiff submitted affidavits with a greater amount of detail than provided by plaintiff here. See, e.g., Li Ni v. Red Tiger Dumpling House, Inc., No. 19 CV 3269, 2020 WL 7078533, at *6 (E.D.N.Y. Nov. 30, 2020) (granting certification where plaintiff set forth his salary and amount of tips received, identified 19 other employees with whom he shared rides to and from work, personally observed the hours worked and discussed with the others their "wages and work," and provided specific details about the actual hours worked and wages received by many of the named co-workers); Garriga v. Blonder Builders, Inc., No. 17 CV 497, 2018 U.S. Dist. LEXIS 171887 at *12 (E.D.N.Y. Sept. 28, 2018) (granting certification where two plaintiffs submitted declarations setting forth the hours worked and amounts paid and identifying three other employees with whom they discussed defendants' failure to pay overtime wages at lunch and on Fridays when they were paid); Enriquez v. Cherry Hill Mkt. Corp., No. 10 CV 5616, 2012 WL 440691, at *5 (E.D.N.Y. Feb. 10, 2012) (granting certification where the plaintiff and a potential opt-in submitted affidavits recounting their individual experiences and attesting to "conversations with co-workers who complained about not receiving overtime. . .").

still "provide a minimum level of detail regarding the contents of those conversations or observations." Barron v. Casa Luis Corp., 2022 WL 2467595 at *4. Most of Mr. Cruz's statements regarding his conversations about common pay practices, including the claim that the workers were not being paid overtime for all hours worked in excess of 40 in a week, are based solely on an allegation "[t]o my knowledge or belief" (Cruz Decl. ¶ 24), without reference to any specific conversation with another employee.

Furthermore, plaintiff's allegations that he "regularly overheard numerous employees complain that they were forced to work "off-the-clock" without being paid for it" (id. ¶ 21), and that he observed these other employees being forced to clock out and then continue to work (id. ¶ 19) do not, without more, indicate violations of the FLSA overtime provisions. This is because plaintiff does not allege that the coworkers' "off-the-clock" time was uncompensated time above 40 hours in a week.

Plaintiff clearly has "not demonstrated across all locations" in New York State that defendants engaged in "a uniform policy of failure to pay overtime compensation." Trinidad v. Pret A Manger (USA) Ltd., 962 F. Supp. 2d at 558. Notably, plaintiff does not mention in his Amended Complaint or his declaration how many weeks he worked at each of defendants' different sites. He also does not allege for any of his named coworkers the site(s) at which he worked with them.

To the extent that plaintiff has asserted failure to pay regular wages and wage notice and wage pay violations, those claims fall solely within the confines of the NYLL and cannot form the basis for conditional certification under the FLSA. If plaintiff were to amend his complaint or supplement his declaration and provide additional details regarding his own overtime claims and those of similarly situated co-workers, he may be able to satisfy his minimal burden of

demonstrating that defendants had a common plan or policy that violated the overtime provisions of the FLSA. However, at this time, he has not done so.

Accordingly, having considered the parties' arguments, the Court respectfully recommends that plaintiff's request for conditional certification be denied at this time, without prejudice, given that plaintiff's submissions are inadequate to establish even the "modest" burden necessary to justify conditional certification.

## CONCLUSION

For the reasons stated herein, it is respectfully recommended that plaintiff's motion for conditional certification be denied without prejudice to refile.

Any objections to this Report and Recommendation must be filed with the Clerk of the Court, with a copy to the undersigned, within fourteen (14) days of receipt of this Report. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); see also Fed. R. Civ. P. 6(a) (providing the method for computing time). Failure to file objections within the specified time waives the right to appeal the District Court's order. See, e.g., Caidor v. Onondaga Cnty., 517 F.3d 601, 604 (2d Cir. 2008).

**SO ORDERED.**

Dated: Brooklyn, New York
March 1, 2024

/s/ Cheryl L. Pollak
Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York